IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGH ALLSPAUGH, individually,<br><br>Plaintiffs,<br><br>v.<br><br>EMEX SOFTWARE, Ltd., a foreign corporation, SIMON KELLY, individually and as CFO of EMEX Software, Ltd., and RICHARD WALL, individually and as CEO of EMEX Software, Ltd.<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Case No. |

## COMPLAINT

NOW COMES Plaintiff, Hugh Allspaugh ("Allspaugh"), individually, by and through his undersigned counsel, and for his Complaint against Defendants EMEX Software, Ltd., ("EMEX") Simon Kelly, individually and as CFO of EMEX, ("Kelly") and Richard Wall, individually, and as CEO of EMEX, ("Wall"), (collectively "Defendants") for their failure to timely pay Allspaugh's wages in violation of the Fair Labor Standards Act (29 U.S.C. 201, *et seq.*) ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA") (820 ILCS 115 *et seq.*), and the Illinois Minimum Wage Law ("IMWL") (820 ILCS 105/1 *et seq.*), states as follows:

### Nature of the Action and Introduction

1. This action involves Defendants' violations of the FLSA, IWPCA, IMWL, and CCMWO for failure to pay wages to Allspaugh from early 2022 to the present.

## Parties

2. Plaintiff Allspaugh is a U.S. citizen and resides in Cook County, Illinois, U.S.A.

3. Defendant EMEX is a software company with its principal offices located in Dublin, Ireland.

4. Defendant Simon Kelly, a citizen of the Republic of Ireland, is the "co-founder" and CFO of EMEX and resides in Ireland.

5. Defendant Richard Wall, a citizen of the Republic of Ireland, is the CEO of EMEX and resides in Ireland.

6. Defendants failed to timely pay Plaintiff Allspaugh the wages due to him in accordance with his employment contract, the IWPCA, FLSA, and IMWL.

7. Defendants' actions in this matter were willful.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 (federal question jurisdiction) since Plaintiff brings a claim pursuant to the FLSA. Additionally, jurisdiction is proper pursuant to 28 U.S.C. 1391(c)(3) since Defendants are non-residents of the United States of America.

9. This Court is the proper venue for this matter pursuant to 28 U.S.C. 1391 (b)(1-2) and 29 U.S.C. 216(b).

## Factual Background

10. Since July 12, 2021, Allspaugh served and continues to serve as EMEX's Chief Marketing Officer.

11. Per his employment contract with EMEX, EMEX is to pay Allspaugh's base salary of $350,000 annually, healthcare costs, and contribute a matching 7% of his base salary to Allspaugh's retirement account.

12. EMEX contracted with a payroll company to handle the issues related to Allspaugh's payroll and retirement account. However, in March of 2022, the payroll company ceased providing services to EMEX due to EMEX's failure to issue payment to the payroll company.

13. In early 2022, EMEX began to pay Allspaugh on an erratic schedule without the use of a payroll company via wire transfers issued directly to Allspaugh with no supporting documentation or paystubs.

14. By the conclusion of 2022, Allspaugh received less than half of his promised salary and no contributions towards his retirement account nor any reimbursement for his healthcare expenses.

15. Allspaugh continued to work for EMEX despite the irregularities and failures of EMEX to timely issue his wages and benefits.

16. Through 2023, the problems with payroll continued to worsen and Allspaugh was paid less than $20,000 for his continued services.

17. EMEX continues to list Allspaugh as its Chief Marketing Officer on its website.

18. Additionally, through September of 2023, Allspaugh continued to utilize and respond to customers and employees through his EMEX email account.

19. From July 2021 to present, Allspaugh performed all duties required of the Chief Marketing Officer of EMEX.

20. Despite Allspaugh's work, EMEX failed to pay Allspaugh his wages and benefits due from February of 2022 through the present.

21. EMEX owes Allspaugh in excess of $800,000 for unpaid wages, health insurance premiums, retirement contributions and statutory interest under the IWPCA and IMWL.

## COUNT I
### Violations of the IWPCA

22. Plaintiff incorporates all the preceding paragraphs herein by reference.

23. This Count arises from Defendants' failure to pay Plaintiff wages in violation of the IWPCA.

24. Plaintiff and Defendants entered into an agreement whereby Plaintiff would perform work for Defendants in exchange for the agreed upon wages and benefits to be paid to Plaintiff.

25. Defendants were Plaintiff's employer within the meaning of Section 2 of the IWPCA.

26. Plaintiff agreed to work for Defendants pursuant to the employment contract.

27. All Defendants engaged in the unlawful practice of withholding the Plaintiff's wages for a period exceeding two weeks, while the Plaintiff never consented to such withholdings.

28. Defendants violated the IWPCA by failing to pay Plaintiff within the prescribed time by the agreement in contravention of Section 5 of IWPCA.

29. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

30. As a result of Defendants' improper and willful failure to pay Plaintiff in accordance with the requirements of the IWPCA and the agreements between Plaintiff and Defendants, Plaintiff suffered lost wages and other actual damages.

31. The Defendants' refusal to pay the Plaintiff his "wages" is willful pursuant to 820 ILCS §115/14.

32. The Defendants' refusal to pay Plaintiff the amounts due to and owing him is vexatious, harassing, and in bad faith.

33. Pursuant to Section 14 of IWPCA, in addition to the unpaid wages Defendants owe Plaintiff, as a result of Defendants' failure to pay Plaintiff his wages, Defendants owe an additional 5% per month during which such unpaid wages remain unpaid.

34. Additionally, Plaintiff is entitled to recover from Defendants all costs of bringing the present action in court and all reasonable attorney's fees.

WHEREFORE, Plaintiff prays this Honorable Court enter an order as follows:

A. Awarding Plaintiff all unpaid wages and benefits.

B. Awarding statutory interest of 5% per month pursuant to IWPCA (820 ILCS 115/14);

C. Awarding prejudgment interest with respect to the amount of unpaid wages and benefits;

D. Awarding reasonable attorney's fees and costs incurred in the filing and prosecution of this action;

E. Entering an injunction precluding Defendants from further violating the IWPCA; and,

F. Entering an order for such other and further relief as this Court deems just and proper.

## COUNT II
### Violations of the FLSA

35. Plaintiff incorporates all the preceding paragraphs herein by reference.

36. This Count arises from Defendants' failure to pay Plaintiff his wages in violation of the FLSA.

37. The FLSA requires that employers, such as EMEX, pay employees, like Allspaugh, a minimum wage for their hours worked. See 29 U.S.C. 206, *et seq*.

38. Plaintiff Allspaugh is an employee as defined by the FLSA and EMEX is an employer as defined by the FLSA. As such, Allspaugh is entitled to compensation for his work.

39. Individual corporate officers may be held liable for violation of the FLSA when those officers possess operational control.

40. Defendants Kelly and Wall maintained full operational control of EMEX at all relevant times.

41. Pursuant to 29 U.S.C. 216(b), this action may be brough by Allspaugh, who has been damaged by Defendants' failure to pay him minimum wage compensation pursuant to the FLSA for the work he performed.

42. As a result of Defendants' failure to pay Plaintiff, Plaintiff has suffered damages in the form of unpaid wages, health insurance premiums, and retirement benefits.

WHEREFORE, Plaintiff prays this Honorable Court enter an order as follows:

A. Awarding backpay for all unpaid wages and benefits for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B. Awarding liquated damages in an amount equal to the amount of unpaid wages and benefits found due pursuant to the FLSA;

C. Awarding prejudgment interest with respect to the amount of unpaid wages and benefits;

D. Awarding reasonable attorney's fees and costs incurred in the filing and prosecution of this action;

E. Entering an injunction precluding Defendants from further violating the FLSA; and,

F. Entering an order for such other and further relief as this Court deems just and proper.

## COUNT III
## Violations of the IMWL

43. Plaintiff incorporates all of the preceding paragraphs herein by reference.

44. This Count arises from Defendant's failure to pay Plaintiff wages in violation of the IMWL.

45. From February 2022 to present, Defendants failed to pay Plaintiff a minimum wage in violation of the IMWL.

WHEREFORE, Plaintiff prays this Honorable Court enter an order as follows:

A. Awarding statutory interest of 5% pursuant to IMWL (820 ILCS 105/12(a);

B. Awarding liquated damages in an amount equal to the amount of unpaid wages and benefits found due pursuant to the IMWL;

C. Awarding prejudgment interest with respect to the amount of unpaid wages and benefits;

D. Awarding reasonable attorney's fees and costs incurred in the filing and prosecution of this action;

E. Entering an injunction precluding Defendants from further violating the IMWL; and,

F. Entering an order for such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

PLAINTIFF RESPECTFULLY DEMANDS A TRIAL TO A JURY OF ALL ISSUES SO TRIABLE.

Dated: November 2, 2023

Respectfully submitted on behalf of Plaintiff,

/s/ Ethan G. Zelizer
One of His Attorneys

Ethan G. Zelizer (#6280096)
HR Law Counsel, LLC
29 South Webster Street
Suite 350-C, Naperville, IL 60540
Phone: 630.551.8374
Fax: 630.566.0705
E-Mail: ethan@hrlawcounsel.com